# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:09-CV-351-RJC-DCK

| | |
|---|---|
| MAURICE W. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM AND** |
| v. ) | **RECOMMENDATION** |
| ) | |
| MICHAEL ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 8) and "Plaintiff's Memorandum In Support Of Motion For Summary Judgment" (Document No. 9), filed May 28, 2010; Defendant's "Motion For Summary Judgment" (Document No. 10) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 11), filed July 26, 2010; and "Plaintiff's Reply To Defendant's Memorandum In Support Of The Commissioner's Decision" (Document No. 12), filed August 6, 2010. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the motions are ripe for disposition.

After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be denied; that Defendant's "Motion For Summary Judgment" be denied; and that the Commissioner's decision be vacated and this matter be remanded for a new hearing and further consideration.

## I. BACKGROUND

Plaintiff Maurice W. Miller ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on his application for disability benefits. (Document No. 1). On August 11, 2004, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § *et seq.,* alleging an inability to work due to a disabling condition beginning March 3, 2004. (Transcript of the Record of Proceedings ("Tr.") 16). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on October 13, 2004, and again after reconsideration on January 27, 2005. (Tr. 16). Plaintiff filed a timely written request for a hearing on February 15, 2005. On February 20, 2007, Plaintiff appeared and testified at a hearing before Administrative Law Judge D. Randall Frye ("ALJ"). Id. On July 3, 2007, the ALJ issued an unfavorable decision denying Plaintiff's claim. (Tr. 13-25).

Plaintiff filed a request for review of the ALJ's decision on or about July 6, 2007, which was denied by the Appeals Council. (Tr. 5, 11-12). The July 3, 2007 ALJ decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request on June 17, 2009. (Tr. 5). Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on August 14, 2009. (Document No. 1). The pending motions are now ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390 (1971); and (2) whether the

Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case *de novo* when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between March 3, 2004, and the date of his

3

decision.[1] To establish entitlement to benefits, Plaintiff has the burden of proving that he was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

On July 3, 2007, the ALJ found that Plaintiff was not "disabled" at any time between March 3, 2004, and the date of his decision. (Tr. 16-25). The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that the Plaintiff was <u>not</u> disabled.

---

[1] Under the Social Security Act, 42 U.S.C. § 301, *et seq.*, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) quoting 42 U.S.C. § 423(d)(1)(A).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity after his alleged disability onset date. (Tr. 18). At the second step, the ALJ found that Plaintiff's "fractures of the lower and upper limbs" were severe impairments. Id.[2] At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 20).

Next, the ALJ assessed Plaintiff's RFC and found that he retained the "capacity to perform a range of light work with an option to sit or stand at will," with the following limitations:

> The claimant [is] limited to occasional bending, stooping, and squatting. He should not use his left leg to operate foot pedals, never climb, and never work around heights or dangerous machinery. Additionally, the claimant has significant non-exertional limitations, which limits him to a low stress work environment and work involving simple, routine, repetitive tasks.

(Tr. 20). After considering the evidence, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." (Tr. 22).

At the fourth step, the ALJ found that because Plaintiff is limited to a range of light work, he could not perform his past relevant work as an order puller, mod assembler, machine operator, forklift operator, or material handler. (Tr. 23). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert ("VE") and "considering the claimant's age, education, work

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included light photo copy machine operator, bench assembler, sorter, surveillance systems monitor, document preparer, and final eyeglass inspector. Id. Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between March 3, 2004, and the date of his decision, July 3, 2007. Id.

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to accord adequate weight to the opinion of Plaintiff's treating physician; (2) the ALJ engaged in "sit and squirm jurisprudence;" (3) the ALJ failed to properly assess Plaintiff's mental impairment; and (4) the ALJ failed to properly express Plaintiff's non-exertional limitations in his RFC. (Document No. 9, pp.1-2). The undersigned is persuaded by Plaintiff's first assignment of error, as discussed below, and will forgo analysis of the remaining claims. The Court concludes this matter must be remanded.

### Opinion Of Treating Physician

In his first assignment of error, Plaintiff argues that the Commissioner failed to "comply with 20 C.F.R. § 404.1527 by failing to accord adequate weight to the opinion of the claimant's treating physician." (Document No. 9, p.10). Specifically, Plaintiff contends the ALJ erred by failing to mention or describe the weight given Dr. T. Kern Carlton's ("Dr. Carlton") February 22, 2007, "Medical Opinion Re: Ability To Do Work-Related Activities." (Document No. 9, pp.10-11, citing Tr. 121-123, 307-309). Plaintiff argues that pursuant to 20 C.F.R. § 404.1527(d), in evaluating any medical source opinion, the ALJ must consider: length of treatment, frequency of examination,

nature and extent of treatment relationship, support of opinion afforded by medical evidence, consistency of opinion with the record as a whole, and specialization of the treating physician. (Document No. 9, p.11). The parties dispute the proper weight afforded to Dr. Carlton's November 16, 2006 opinion (Tr. 224); however, the undersigned finds the apparent lack of any weight or consideration given Dr. Carlton's February 22, 2007 opinion (Tr. 121-123) to be most relevant to this case.

Defendant effectively summarizes Dr. Carlton's February medical opinion regarding Plaintiff's ability to do work-related activities and then concedes that "Plaintiff correctly states that the ALJ did not specifically mention Dr. Carlton's February 22, 2007 opinion." (Document No. 11, p.4). Defendant states that the ALJ did, however, "evaluate Dr. Carlton's November 16, 2006 opinion - rendered just three months earlier." Id. Defendant concludes that based on the ALJ's assessment of Dr. Carlton's November opinion, "one may *infer* that the ALJ would likewise have assigned little weight to Dr. Carlton's February 22, 2007 opinion." (Document No. 11, p.8)(emphasis added). The undersigned is not convinced that such inference is appropriate.

Defendant specifically cites 20 C.F.R. § 404.1527(d) as controlling legal authority in analyzing the issue of a treating physician's opinion. See (Document No. 11, pp.5-6, 9). The undersigned notes that the second sentence of § 404.1527(d) provides that "[r]egardless of sources, we will evaluate every medical opinion we receive." Nowhere does Defendant contend that the ALJ evaluated Dr. Carlton's February 2007 opinion, or that there is a relevant exception that allows the ALJ to evaluate some medical opinions and not others. The regulation properly relied upon by Defendant as authority unequivocally states that the Commissioner will evaluate *every* medical opinion received. 20 C.F.R. § 404.1527(d)(2) goes on to state in pertinent part

7

> Generally, we give more weight to opinions from your treating sources.... We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.

Here, no reasons were given for the weight, if any, given to Dr. Carlton's February 2007 opinion.

The undersigned finds the Commissioner's apparent failure here particularly relevant because the purportedly disregarded opinion expresses, *inter alia*, that the Plaintiff "needs to elevate leg at times." (Tr. 123). This statement from the treating physician is consistent with Plaintiff's testimony, which was noted by the ALJ: "[h]e said he elevates his leg most of the day." (Tr. 21). Plaintiff's fiancee, Brenda Blakeney, also testified that Plaintiff elevates his leg a lot. (Tr. 343).

The ALJ's consideration, or lack thereof, of Plaintiff's need to elevate his leg raises questions about the proper hypothetical to the VE. The hypothetical posed to the VE that the ALJ relied on in finding at step five that there are several jobs in the economy for this Plaintiff, omits entirely a requirement that Plaintiff be able to elevate his leg. (Tr. 345). However, when examined by Plaintiff's counsel, the following exchange with the VE resulted:

> Q. Okay. And if you were to add to the Judge's hypothetical the need to elevate the, the left leg above the heart a lot. We don't have a specific amount of time, but, you know, based on the testimony was the doctor said to do it often. Would that have any affect on the opinions you've given us?
>
> A. **Then you eliminate every job with perhaps in some exceptions** the surveillance system monitor. Sometimes they can sit or stand at will. . . .
>
> Q. And it may also depend on the employer, would it not?
>
> A. It may well, yes.

(Tr. 349)(emphasis added).

The ALJ's failure to address in his decision what weight, if any, he gave to the treating physician's February 2007 opinion, as well as other testimony that Plaintiff must be able to elevate his leg, leads the undersigned to conclude that the ALJ's decision is not supported by substantial evidence. Thus the undersigned finds, pursuant to 20 C.F.R. § 404.1527(d), that the ALJ erred in his assessment of the treating physician's medical opinions. The undersigned agrees with Defendant's conclusion that if error is found in this case, "the proper remedy would be to remand the case for a new hearing," and will so recommend. (Document No. 11, p.15).

## IV. CONCLUSION

The undersigned finds that there is not "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence does not support the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be vacated.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 8) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 10) be **DENIED**; and the Commissioner's determination be **VACATED** and this matter be **REMANDED** for a new hearing and further consideration.

## VI. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions

9

of law, and recommendation contained herein may be filed within fourteen (14) days of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and the Honorable Robert J. Conrad, Jr.

**IT IS SO RECOMMENDED**.

Signed: November 10, 2010

David C. Keesler
United States Magistrate Judge